UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRUCE TAYLOR | CIVIL ACTION |
| VERSUS | NO. 06-2482 |
| BURL CAIN, WARDEN | SECTION "A"(3) |

### ORDER GRANTING WRIT OF HABEAS CORPUS

The Court, having considered the complaint, the record, the applicable law, and the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter ***except with respect to the recommendation on Petitioner's claim regarding the admission of hearsay evidence***.

The Court agrees with the magistrate judge's finding that the admission of hearsay evidence from Detective Bates pertaining to statements made by an unidentified person--statements that strongly suggested that the individual had identified Petitioner as the murderer--implicates Petitioner's rights under the federal Confrontation Clause.  (R&R at 21).  Petitioner was clearly deprived of the opportunity to confront the unnamed accuser and test the basis of his or her knowledge. ( *Id.* at 23).  However, this Court does not agree with the magistrate judge's conclusion that the admission of the hearsay statements was harmless.

The magistrate judge's report gives a comprehensive rendition of the standards that apply when wrongfully admitted hearsay

evidence violates the Confrontation Clause. (R&R at 22). The Court will not reiterate that law here except to note that the wrongful admission of hearsay evidence violates the Confrontation Clause only when the evidence was a "crucial, critical or highly significant factor in the framework of the whole trial." Gochicoa v. Johnson, 118 F.3d 440, 446 (5th Cir. 1997) (quoting Cupit v. Whitley, 28 F.3d 532, 537 (5th Cir. 1994)).

The Court is persuaded that the hearsay evidence presented by Detective Bates, when viewed in the framework of the whole trial, was crucial to the State obtaining a conviction and therefore a highly significant factor in the jury's decision. As the magistrate judge observed, the evidence against Petitioner was far from overwhelming. (R&R at 17). No physical evidence was presented to link Petitioner to the crime and Parker's testimony was equivocal at best. Given the paucity of the State's evidence no juror could have ignored the serious implication of Bates's testimony, i.e., that an unknown person had identified Petitioner as the killer, when voting to convict Petitioner. In a nutshell, the erroneously admitted hearsay testimony was critical to the State's success in obtaining a conviction. Petitioner's Sixth Amendment confrontation clause rights were clearly violated, and the violation was exacerbated by the State's reference to the hearsay during the rebuttal argument. Considering the overall weakness of the State's case and the importance of Bates's testimony to the State's case, the admission of the hearsay

2

evidence was not harmless and rendered Petitioner's trial fundamentally unfair.

Accordingly;

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus filed by Bruce Taylor should be and is hereby **GRANTED**.  Execution of the writ will be **STAYED** for a period of 120 days.  If at the end of that period of time the State has neither appealed nor initiated proceedings to retry Petitioner, then the writ will be executed and the Petitioner will be released.

June 22, 2007

_____
UNITED STATES DISTRICT JUDGE